No. 31,896

BRUCE HEDRICK MARKLE, as Administrator with the Will Annexed, and BRUCE HEDRICK MARKLE, *Appellees*, v. CLARA REED, CLARA A. REED, Executrix, NAOMA LUCILLE REED, THELMA REED WOLFE, MERRAL REED and HARLAN PUGH, *Appellants*.

(49 P. 2d 240)

Opinion filed October 5, 1935.

*James A. Allen, B. M. Dunham* and *L. H. Cable,* all of Chanute, for the appellants.

*John J. Jones,* of Chanute, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action on a promissory note and to foreclose a real-estate mortgage given to secure it. It was brought by the assignee of the mortgage, the assignment having been duly recorded. Defendants pleaded payment to the mortgagee, who they alleged was agent of the assignee for the purpose of receiving payment. The defenses were put in issue by a verified reply. Full payment of principal and interest was shown to have been made to the original mortgagee. The real controverted issue was that of agency. The court found "the issues herein, and each of them, in favor of plaintiff and against the defendants," and rendered judgment accordingly. Defendants have appealed.

We are handicapped in considering any alleged errors occurring

during the trial by reason of the fact that a motion for a new trial was not filed within the three days required by statute. (R. S. 60-3003.) The court's decision was rendered July 24, 1933, and the motion for a new trial was not filed until July 29. We are further handicapped by the fact that appellants have assigned no error of law to be reviewed by this court. At most we have before us the sole question of whether the judgment itself should stand. In this case that naturally depends upon the evidence respecting the issue of agency. On that point there is a controversy in the evidence. On behalf of plaintiff there was positive testimony that no such agency had been established, or existed. On behalf of defendants, facts, circumstances and a course of dealing were shown which would have authorized the court in finding that such agency existed. (*Walmer v. Redinger*, 116 Kan. 580, 227 Pac. 329.) It was the function of the trial court to weigh this evidence, pass upon the credibility of witnesses, and to reach a conclusion upon the issue. In such a circumstance we examine the evidence only far enough to see whether there was substantial competent evidence to sustain the conclusion reached by the trial court. It is not seriously contended by appellants here that such evidence did not exist, and of course the positive testimony on behalf of plaintiff, above referred to, if considered alone, is sufficient to sustain the judgment. The appeal, therefore, presents no question of law for our determination, and the judgment of the court below must be affirmed. It is so ordered.